IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. SIMMONS, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLIED BARTON SECURITY SERVICES | : | NO. 13-7589 |
| | : | |

MEMORANDUM

DAVIS, J.                                                                                                                                   JANUARY     , 2014

     Plaintiff Charles E. Simmons, Sr. brings this action against Allied Barton Security Services, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12112, et seq. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint without prejudice to him filing an amended complaint.

## I.   FACTS

     Plaintiff filed this action against Allied Barton Security Services, his former employer, using the Court's form complaint for employment discrimination. By marking the appropriate locations on the form complaint, plaintiff indicated that Allied Barton Security Services discriminated against him based on his disability and retaliated against him. Plaintiff did not describe the facts giving rise to his claims, but instead referred the Court to attached documents. However, he did not attach any documents to his complaint other than a Notice of Right to Sue Letter dated October 21, 2013.

## II.   STANDARD OF REVIEW

     The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a

1

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). Thus, although the Court must construe plaintiff's allegations liberally because he is proceeding *pro se*, *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), he must recite more than "labels and conclusions" to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

The Court will dismiss the complaint without prejudice to plaintiff filing an amended complaint. To state a claim under the Americans with Disabilities Act, plaintiff must allege at least some facts supporting his claims of employment discrimination. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination.") (quotations omitted). Here, plaintiff has indicated, by marking certain locations on the form complaint, that the defendant discriminated against him based on his disability, but he has not described the nature of his disability or explained how he was discriminated against because of that disability. As the complaint does not contain anything more than conclusory allegations of discrimination, plaintiff has failed to state a claim. *See*

*Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

Although the complaint does not state a claim as currently pled, the Court will give plaintiff leave to file an amended complaint in the event that he can cure the above deficiencies. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In his amended complaint, plaintiff should state the facts that support his claims, or attach a copy of the claim he filed with the EEOC containing the relevant facts underlying his allegations of employment discrimination.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed without prejudice to his filing an amended complaint. An appropriate order follows.